UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EMELY JARA,

                        Plaintiff,

          -against-                           **REPORT & RECOMMENDATION**
                                                                    23 CV 4409 (DLI) (CLP)
CAVALI NY INC., *et al.*,

                        Defendants.
------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

      On June 14, 2023, plaintiff Emely Jara commenced this action against defendants Cavali NY Inc. (the "corporate defendant"), Shariq Razvi, and Sarah Racaldi (the "individual defendants"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), *et seq.*, the New York State Executive Law, Human Rights Law, § 290 *et seq.*, the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-101, *et seq.*, the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, New York Labor Law, §§ 190, *et seq.*, 650, et seq., and New York common law.  (ECF No. 1).  On February 15, 2024, plaintiff filed her first Amended Complaint.  (F.A.C.[1]).  Despite proper service, defendants failed to file an answer or otherwise respond to the First Amended Complaint, and a default was entered on April 12, 2024.  (ECF No. 28).  On referral from the Honorable Dora Lizette Irizarry are plaintiff's second motion for default judgment against the individual defendants (ECF No. 29), and plaintiff's first motion for default judgment against the corporate defendant (ECF No. 34).

---

[1] Citations to "F.A.C." refer to plaintiff's First Amended Complaint, dated February 15, 2024 (ECF No. 18).

1

For the reasons set forth below, the Court respectfully recommends that plaintiff's motions for default judgment be denied without prejudice to refile in accordance with Local Rules 7.1 and 55.2.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jara alleges that she worked as a server for defendant Cavali NY Inc., a restaurant, lounge, and nightclub, in April 2021. (F.A.C. ¶ 21). Plaintiff alleges that defendant Razvi, a manager at Cavali NY Inc., sexually harassed and assaulted her during work hours. (F.A.C. ¶¶ 13, 28-39). Plaintiff brings claims of discrimination, sexual harassment, hostile work environment, assault, battery, intentional infliction of emotional distress, and retaliation in connection with these allegations. (Id.)

Plaintiff also alleges that defendants failed to pay her approximately $1,800.00 in wages, plus tips, that she earned during her final pay period working for defendants. (Id. ¶ 61). Plaintiff alleges violations of minimum wage, misappropriation of tips, and frequency of pay laws, as well as wage statement, and wage notice requirements. (Id.)

Following the filing of the initial Complaint, plaintiff filed the executed summons for each of the three defendants, with answers due in July 2023. (ECF Nos. 7, 8, 9). On August 15, 2023, plaintiff filed a Status Report informing the Court that Cavali NY Inc. had filed for bankruptcy, resulting in an automatic stay, but that plaintiff was going to seek a default judgment with respect to the other two defendants. (ECF No. 10). After obtaining an entry of default from the Clerk, the plaintiff filed a motion to amend and a motion for default judgment on October 4, 2023. (ECF No. 14).

On December 4, 2023, this Court recommended that the motion to amend be granted, and the motion for default be denied without prejudice to renew once defendants had been served

with the Amended Complaint and given time to respond. (ECF No. 16). On February 14, 2024, the District Court adopted the Report and Recommendation. (Order, dated 2/14/2024).

Plaintiff filed her Amended Complaint the next day, on February 15, 2024. (ECF No. 18). Plaintiff served all defendants with the Amended Complaint and, upon the defendants' failure to appear, the Clerk entered default as to all defendants on April 12, 2024. (ECF No. 28). Plaintiff thereafter filed her second motion for default judgment as to the individual defendants only. (ECF No. 29). On July 18, 2024, the District Court referred the motion to the undersigned.

On November 15, 2024, this Court scheduled an inquest hearing as to the claims against the individual defendants, to be held on December 13, 2024. (ECF No. 32). Four days later, on November 19, 2024, plaintiff filed a motion for default judgment against Cavali NY Inc., indicating that the bankruptcy proceeding had been dismissed. (ECF No. 34). On December 4, 2024, the District Court referred the new motion to the undersigned.

On December 6, 2024, this Court entered an Order stating that at the time plaintiff served her Amended Complaint on the corporate defendant, the automatic bankruptcy stay was in place. (ECF No. 36). Accordingly, if plaintiff wished to proceed against the corporate defendant based on her claims in the Amended Complaint, plaintiff would need to re-serve the Amended Complaint on the corporate defendant, which would then have 14 days to answer or otherwise respond. (Id.) The Order further indicated that if the corporate defendant failed to respond, the plaintiff could, at that point, seek an entry of default against the corporate defendant on the claims in the Amended Complaint and, if default was entered, could thereafter file a motion for default judgment. (Id.) In the December 6, 2024 Order, the Court adjourned the inquest hearing *sine die*. (Id.)

3

On December 7, 2024, plaintiff filed a letter with the Court, indicating that the corporate defendant had been properly served and defaulted on the Amended Complaint. (ECF No. 37). Plaintiff explained that the corporate defendant had filed for bankruptcy twice; the Amended Complaint was served in between the dismissal of the first bankruptcy case and the commencement of the second. (Id.) Thus, because the defendant had been properly served and no answer or response had ever been filed, the defendant was in default. (Id.)

Based on this representation, the Court set a new inquest hearing on plaintiff's motions for default judgment as to the individual defendants and the corporate defendant for January 21, 2025 and Ordered plaintiff to promptly serve a copy of the Court's Orders (ECF Nos. 36, 38) and plaintiff's December 7, 2024 letter (ECF No. 37) upon defendants. (ECF No. 38).

On January 16, 2025, less than a week before the inquest hearing, plaintiff filed a letter motion to adjourn the hearing, indicating that plaintiff had failed to serve defendants with the Court's Orders in sufficient time to allow defendants to respond to plaintiff's motions for default ahead of the hearing. (ECF No. 39). Plaintiff subsequently filed a certificate of service indicating that defendants were served on January 16, 2025. (ECF No. 40). The Court adjourned the inquest hearing *sine die* and indicated that this Report and Recommendation would follow. (ECF No. 41).

## DISCUSSION

I. Legal Standard

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55 sets forth a two-part procedure for entering a default judgment. First, the Clerk of Court enters a default by noting the defaulting party's failure to respond or appear. Id.

Second, if the defaulting party fails to vacate the entry of default pursuant to Rule 55(c), the appearing party may seek a default judgment to establish liability and, if proven, damages.  Fed R. Civ. P. 55(b).

In determining whether a default judgment should be entered, the Second Circuit has cautioned that a default judgment is an "extreme sanction" that "must remain a weapon of last, rather than first, resort."  Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981); see also Sheet Metal, Air, Rail & Transp. Workers Loc. Union No. 127 v. Frank Torrone & Sons, Inc., No. 15 CV 2224, 2018 WL 4771897, at *4 (E.D.N.Y. Oct. 3, 2018), adopting report and recommendation, 2018 WL 6161655 (E.D.N.Y. Sept. 4, 2018).  While the Second Circuit has recognized the pressure on District Courts "to dispose of cases that . . . delay and clog [their] calendar[s]" due to the litigants' "disregard of the rules," the Circuit instructs district courts to "maintain a balance between clearing [their] calendar[s] and affording litigants a reasonable chance to be heard."  Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993); see also Jeremiah v. 5 Towns Jewish Times, Inc., No. 22 CV 5942, 2023 WL 6593997, at *2 (E.D.N.Y. Aug. 9, 2023), report and recommendation adopted, 2023 WL 5703698 (E.D.N.Y. Sept. 5, 2023).  Thus, in light of the "oft-stated preference for resolving disputes on the merits," defaults are "generally disfavored" and "doubt[s] should be resolved in favor of the defaulting party." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95–96; see also Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (stating that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").  Furthermore, "[Rule 55(b)] states that a judgment by default 'may' be entered under specified circumstances, not that it must."  Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. at 162.  Accordingly, a plaintiff is not entitled to a default judgment as a matter of right simply because the defendant is in

5

default, see, e.g., id., and courts have significant discretion in deciding whether to enter default judgment, see Jeremiah v. 5 Towns Jewish Times, Inc., 2023 WL 6593997, at *2.

The burden is on the plaintiff to establish her entitlement to recovery.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993).  When a default judgment is entered, the defendants are deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability, but not those related to damages.  See id.; Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

II.   Analysis

Before recommending that the court enter default judgment, this Court must determine if plaintiff has complied with the procedural requirements of the Local Civil Rules of the Eastern and Southern Districts of New York (the "Local Civil Rules").  Bhagwat v. Queens Carpet Mall, Inc., No. 14 CV 5474, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017) (holding that "[a] motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules"); see also Morales v. Los Cafetales Res. Corp., No. 21 CV 1868, 2023 WL 375647, at *3 (E.D.N.Y. Jan. 3, 2023) for the proposition that "[l]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution" (quoting Contino v. United States, 535 F.3d 124, 126 (2d Cir. 2008)), report and recommendation adopted, 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023).

Pursuant to Local Civil Rule 55.2(a), a movant's motion for default judgment must append "(1) an affidavit or declaration showing that:  (A) the clerk has entered default under Local Civil Rule 55.1; (B) the party seeking default judgment has complied with the Servicemembers Civil Relief Act, 50a U.S.C. § 521; and (C) the party against whom judgment is sought is not known to be a minor or an incompetent person, . . ." as well as "a proposed order detailing the proposed judgment to be entered[.]"  Here, plaintiff has not complied with Rule

6

55.2(a), as she has not included an affidavit that included the statements required in Rule 55.2(a)(1)(B) and (C), and she has not appended a proposed form of judgment to either of her motions. (ECF Nos. 29, 34).

More critically, plaintiff has also failed to comply with Local Civil Rule 7.1, pursuant to which filings for a dispositive motion must include:

> (1) A notice of motion, or an order to show cause signed by the court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;
>
> (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and
>
> (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

Courts in this Circuit have held that a moving party's failure to attach a memorandum of law and other supporting documents in accordance with Local Civil Rule 7.1 is sufficient grounds to deny a motion. Avillan v. Donahoe, No. 13 CV 509, 2015 WL 728169, at *6–7 (S.D.N.Y. Feb. 19, 2015) (explaining that the "failure to submit a memorandum of law, standing alone, is sufficient cause for granting or denying a motion" (quoting Wenzhou Wanli Food Co., Ltd. v. Hop Chong Trading Co., No. 98 CV 5045, 2000 WL 964944, at *3 (S.D.N.Y. July 11, 2000))); see also Agarwal v. United States, No. 14 CV 1873, 2015 WL 5638032, at *2, *4 (S.D.N.Y. July 20, 2015) (holding that default judgment motion was "procedurally defective" because movant failed to file a supporting memorandum of law, affidavit, and exhibits "containing any factual information . . . necessary for the decision of the motion, as required by the court's Local Civil Rules"), report and recommendation adopted, 2015 WL 5794418 (S.D.N.Y. Oct. 5, 2015). While District Courts retain broad discretion to excuse or overlook a

7

party's failure to comply with the local rules, they typically will not do so unless the "interests of justice" support that approach.  Cea v. Access 23 TV, No. 11 CV 3791, 2015 WL 5474070, at *3 (S.D.N.Y. Sept. 15, 2015); see also Cardoza v. Mango King Farmers Mkt. Corp., No. 14 CV 3314, 2015 WL 5561033, at *2 n.4 (E.D.N.Y. Sept. 1, 2015) (explaining that a court "may deny [a] motion" for failure to comply with local filing rules but "is not required to do so"), report and recommendation adopted, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015).

In support of plaintiff's request for entry of default judgment against the individual defendants, plaintiff has submitted a Motion for Default Judgment; a Declaration of plaintiff's counsel, Adam Sackowitz; exhibits relating to the corporate defendant's bankruptcy filing; and a Certificate of Service attesting to the service of the motion upon defendants.  (ECF Nos. 29, 31). As to plaintiff's motion for default judgment against the corporate defendant, plaintiff has similarly submitted a Motion for Default Judgment; a Declaration of Adam Sackowitz; exhibits of the dismissal of the corporate defendant's bankruptcy petition; as well as a Certificate of Service attesting to the service of the motion upon defendants.  (ECF No. 34).

However, plaintiff has not filed a separate Memorandum of Law in support of either motion.  While the Sackowitz Declarations contain a legal argument, courts in this Circuit have held that counsel's declarations do not meet the requirement to submit a memorandum of law. See, e.g., Lopez v. Metro and Graham LLC, 22 CV 332, 2022 WL 18809176, at *3 (denying plaintiff's motion for default judgment because, among other reasons, "[a]lthough Plaintiff's counsel submitted an attorney declaration in support of Motion containing his legal argument . . . such an affirmation does not take the place of a memorandum of law[,]" and collecting cases holding the same).  In addition, plaintiff has not provided any "[s]upporting affidavits and

8

exhibits thereto containing any factual information and parts of the record necessary for the decision of the motion." Local Civ. R. 7.1(a)(3).

Plaintiff's failure to comply with the filing requirements cannot be excused in this case. By failing to provide supporting affidavits and exhibits, plaintiff has not given the Court or defendants sufficient information necessary to calculate the appropriate quantum of damages in this case in accordance with applicable caselaw. While the Complaint alleges that plaintiff is owed $1,800 in wages and tips, the Sackowitz Declarations state only that, "[s]ince the extent of Plaintiff's damages are difficult to fully ascertain through written submissions, Plaintiff respectfully requests that the Court schedule an inquest hearing to determine the damages owed to Plaintiff," including compensatory, emotional distress, liquidated, and punitive damages, and attorneys' fees, among other costs. (ECF Nos. 29-1 ¶ 50; 34-1 ¶ 48). Plaintiff has provided no support or authority whatsoever that would assist the Court in calculating such damages; indeed, plaintiff has not even requested a total amount in damages.

While the defendants are deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability, Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012), "the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Parris v. Pappas, 844 F. Supp. 2d 271, 274 (D. Conn. 2012) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). Although defendants are in default, they retain the right to contest damages at the hearing. Without plaintiff providing information regarding her damages allegations, defendants cannot prepare to challenge plaintiff's damages in the event defendants choose to appear at the hearing. Thus, while the Court may rely in part on testimony at the hearing in evaluating damages, some documentation must also be provided in compliance with Local Rule 7.1(a)(3). For example, to

9

the extent plaintiff will be relying on medical or mental health records in support of her compensatory or emotional distress damages, such documents must be filed. In addition, to the extent that counsel is seeking attorney's fees, those fees also must be delineated in the paperwork and supporting documentation, namely invoices, and submitted along with the other documents.

Before the Court can hold a hearing, plaintiff must set forth a request for damages containing a breakdown of the amount in damages that she is requesting for each claim and provide supporting documentation, including an affidavit or affidavits attesting to the basis for the same.

## CONCLUSION

Accordingly, the Court respectfully recommends that plaintiff's motions for default judgment be denied at this time without prejudice and with leave to renew in compliance with this Report and Recommendation and the Court's Local Civil Rules.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008). Plaintiff is Ordered to serve this Report and Recommendation on defendant and file proof of service on the docket within one week.

**SO ORDERED.**

Dated: Brooklyn, New York
February 1, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

10